DEMETRIO VARELA Y TOMÁS SANTIAGO ONDARZA, demandantes y apelantes, *v.* ASAMBLEA MUNICIPAL DE ARROYO, demandada y apelada.

No. 3787.—*Visto:* Febrero 10, 1926. *Resuelto:* Junio 4, 1926.

1. COSTAS—NATURALEZA, FUNDAMENTOS Y EXTENSIÓN DEL DERECHO EN GENERAL— SU CONCESIÓN EN PROCEDIMIENTOS ESPECIALES—CERTIORARI AUTORIZADO POR LA LEY MUNICIPAL.—El *certiorari* contra los municipios autorizados por Ley No. 85 de 1919 (pág. 721) cae dentro de las disposiciones de las prescripciones del artículo 327 del Código de Enjuiciamiento Civil, por lo que la corte tiene derecho a conceder costas en dicho procedimiento.

2. CORPORACIONES MUNICIPALES—PROCEDIMIENTOS DEL CONCEJO U OTRO CUERPO QUE GOBIERNA—ORDENANZAS Y REGLAMENTOS *(By-laws)* EN GENERAL—FACULTAD PARA ANULAR—ORDENANZA CUYA VALIDEZ NO SE HA ATACADO.— Una asamblea municipal puede anular una ordenanza que impone una contribución con efecto retroactivo aún cuando no se hubiere atacado su validez.

3. CORPORACIONES MUNICIPALES—PROCEDIMIENTOS DEL CONCEJO U OTRO CUERPO QUE GOBIERNA—ORDENANZAS Y REGLAMENTOS *(By-laws)* EN GENERAL—FACULTAD PARA ANULAR—ORDENANZA CUYA VALIDEZ NO SE HA ATACADO — EN GENERAL.—Declarada la no validez de una ordenanza municipal por las cortes, el municipio tiene derecho a dejar sin efecto o anular dicha ordenanza.

SENTENCIA de *Gabriel Castejón*, J. (Guayama), anulando y dejando sin efecto auto de certiorari expedido, con costas a los peticionarios. *Confirmada.*

*Salvador Mestre* y *C. Domínguez Rubio*, abogados de los apelantes; *Manuel A. Martínez Dávila*, abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

[1] Esta es una apelación interpuesta contra la parte de la sentencia que condenó a pagar las costas a los demandantes. Alegan los apelantes que el *certiorari* contra los municipios autorizado por la ley de 1919 no cae dentro de las disposiciones de las prescripciones del artículo 327 del Código de Enjuiciamiento Civil, toda vez que este artículo sólo consideraba los pleitos existentes. Las palabras del artículo 327 son muy generales. Dice "Las partes en pleitos o procedimientos tendrán derecho a las costas," etc. El Código de Enjuiciamiento Civil es la ley fundamental para todas las acciones, a menos que aparezca una intención contraria. El artículo 50 de dicho Código hace aplicable la palabra "acción" a un "procedimiento especial de naturaleza civil," como lo era el *certiorari* en este caso. Por lo que la corte tenía derecho a conceder costas.

[2] El Municipio de Arroyo trató de imponer una contribución a la fabricación de azúcar mediante una ordenanza. La ordenanza fué declarada válida por la Corte de Distrito de Guayama y por esta corte, pero revocada por la Corte de Circuito de Apelaciones. Entonces el municipio anuló la ordenanza con efecto retroactivo de modo que nadie pagaría una contribución por virtud de la misma. Habiéndose concedido un *certiorari* a la Corte Suprema de los Estados Unidos, dos ciudadanos presentaron una petición de *certiorari* en la Corte de Distrito de Guayama para anular la ordenanza revocatoria. El *certiorari* para anular la ordenanza fué expedido, pero se afirma que antes de ser juzgado el caso por sus méritos la Corte Suprema de los Estados Unidos había confirmado la sentencia de la Corte de Circuito de Apelaciones.

[3] Somos de opinión de que por lo menos después de la decisión de la Corte de Circuito de Apelaciones el municipio tenía derecho a dejar sin efecto o anular una ordenanza dudosa. Nos inclinamos al parecer de que una asam-

blea municipal, como una Legislatura, puede anular una ordenanza que impone una contribución con efecto retroactivo aun cuando no hubiera habido ningún ataque contra su validez y los apelantes nada nos han citado en contrario. Entonces importa poco lo impropio que fueran los motivos de la asamblea al anular la ordenanza o el acto bueno y patriótico de los apelantes al tratar de sostener la contribución. Aparecería que el municipio fué vejado indebidamente con un pleito. No sólo es esto así sino que parece que los apelantes continuaron defendiendo el caso aún después de la decisión de la Corte Suprema de los Estados Unidos. Esta es una cuestión de fechas que, no fué negada.

De todos modos no vemos razón alguna para intervenir con la discreción de la corte de distrito y *debe confirmarse la sentencia apelada.*